FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2015 JUN 11 AM 10: 06

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA, FLORIDA

Civil Division

**CIVIL RIGHTS COMPLAINT FORM**

Samuel Palmer

(Enter full name of each Plaintiff and prison number, if applicable)

CASE NUMBER:
(To be supplied by Clerk's Office)
5:15-cv-289-OC-10PRL

v.

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I. PLACE OF PRESENT CONFINEMENT: Citrus County Detention Center, d/B/a
(Indicate the name and location)
Corrections Corp. of America (CCA) 2604 W. Woodland Ridge Dr. Lecanto, FL. 34461

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (X)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No (X)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

3. Were you denied emergency status? Yes ( ) No (X)

   a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )

   b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (X)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (X)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (X)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
Yes ( ) No (X)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __________ day of ____________________________, 2 _________.

______________________________
Signature of Plaintiff

III. DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes (X) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (X) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (X) No ( )

C. If your answer is YES:

1. What steps did you take? Standard Request (3) informal grievances and (1) formal grievance.

2. What were the results? Standard/Did not address completely, Informal/ (2) No Response, (1) failed to address, Formal/ No-Response

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: ______

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ______ day of ______, 2______.

______
Signature of Plaintiff

IV. PREVIOUS LAWSUITS:

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

B. Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

   Plaintiff(s): ______________________________

   ______________________________

   Defendant(s): ______________________________

   ______________________________

2. Court (if federal court, name the district; if state court, name the county):

   ______________________________

3. Docket Number: ______________________________

4. Name of judge: ______________________________

5. Briefly describe the facts and basis of the lawsuit: ______________

   ______________________________

   ______________________________

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

   ______________________________

   ______________________________

7. Approximate filing date: ______________________________

8. Approximate disposition date: ______________________

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

V. **PARTIES**: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Samuel Palmer

Mailing address: 2604 W. Woodland Ridge Dr
Lecanto, FL. 34461

B. Additional Plaintiffs:

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Dr. Colon-Morales

Mailing Address: 2604 W. Woodland Ridge Dr.
Lecanto, FL 34461

Position: Contract Doctor for CCA

Employed at: Corrections Corp. of America (CCA)

D. Defendant: Russell Washburn

Mailing Address: 2604 W. Woodland Ridge Dr.
Lecanto FL. 34461

Position: Warden

Employed at: Corrections Corp. of America (CCA)

E. Defendant: Todd Wasmer

Mailing Address: 2604 W. Woodland Ridge Dr.
Lecanto, FL. 34461

Position: Chief of Security

Employed at: Corrections Corp. of America (CCA)

F. Defendant: Sadie Allen

Mailing Address: 2604 W. Woodland Ridge Dr.
Lecanto, FL. 34461

Position: Nurse

Employed at: Corrections Corp. of America (CCA)

G. Defendant: Mrs. Gibson

Mailing Address: 2604 W. Woodland Ridge Dr.
Lecanto, FL. 34461

Position: Medical Administrator

Employed at: Corrections Corp. of America (CCA)

(See Attached)

VI. STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

See Attached

VII. STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

See Attached

**Statement of Facts, continued:**

See Attached

VIII. RELIEF REQUESTED: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

See Attached

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this ________ day of ______________________, 2 _______.

(Signatures of all Plaintiffs)

FILED

2015 JUN 11 AM 10: 06

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
******

Samuel Palmer
Vs.

CASE NUMBER: 5:15-cv-289-OC-10PRL
(To be provided by the court)

Citrus County detention Facility, d/b/a CORRECTIONS CORPORATION OF AMERICA(CCA); Loretta Keller; Russell Washburn; Todd Wasmer; Sadie Allen; Mrs. Gibson: Dr. Colon-Morales; Dr. Brill; Mrs. Glenda Bivona; /

# COMPLAINT WITH JURY DEMAND

**This is a Civil rights action filed by, Samuel Palmer, a State Detainee, for damages and injunctive relief under 42 U.S.C. §1983, Alleging denial of Medical care in Violation of the Eighth Amendment to the United States constitution , The Plaintiff also Alleges the Torts of Negligence and Failure to protect, which Violates the Fourteenth Amendment to the United States Constitution.**

## *Jurisdiction*

1. The Court has Jurisdiction over the Plaintiff's claims of Violation of Federal Constitutional Rights under 42 U.S.C. §1331 (11) §1343.
2. The court has supplemental Jurisdiction over the Plaintiffs State Law claim under 28 U.S.C. §1367.

## *Parties*

3. At all times hereinafter mentioned, Plaintiff was and still is a resident of Florida and is incarcerated in Florida.
4. Defendant, CORRECTIONS CORPORATION OF AMERICA is a corporation incorporated under the laws of Tennessee and Florida and having a main office at 10 Burton Hills Blvd., Nashville, TN 37215, and is licensed to do business in Florida.
5. Defendant, CITRUS COUNTY DETENTION FACILITY, is a corporation incorporated under the laws of Tennessee and having a main office at 2604 W. Woodland Ridge Dr., Lecanto, FL, 34461, and is licensed to do business in Florida.
6. Defendant, RUSSELL WASHBURN, is a resident of Florida, having an employment mailing address at 2604 W. Woodland Ridge Dr., Lecanto, FL 34461.

7. Defendant, Sadie Allen, is a resident of Florida, having an employment mailing address at 2604 W. Woodland Ridge Dr., Lecanto, FL 34461.
8. Defendant, TODD WASMER, is a resident of Florida, having an employment mailing address at 2604 W. Woodland Ridge Dr., Lecanto, FL 34461.
9. Defendant, Mrs. Gibson, is a resident of Florida, having an employment mailing address at 2604 W. Woodland Ridge Dr., Lecanto, FL 34461.
10. Defendant, Mrs. Glenda Bivona , is a resident of Florida, having an employment mailing address at 2604 W. Woodland Ridge Dr., Lecanto, FL 34461.
11. Defendant, Loretta Keller, is a resident of Florida, having an employment mailing address at 2604 W. Woodland Ridge Dr., Lecanto, FL 34461.
12. Defendant, Dr. Colon-Morales, is a resident of Florida, having an employment mailing address at 2604 W. Woodland Ridge Dr., Lecanto, FL 34461.
13. Defendant, Dr. Brill (Ocala Doctor), is a resident of Florida, having a mailing address at Unknown, Ocala, FL.

*Exhaustion of Administrative Remedies*

14. Plaintiff has exhausted his administrative remedies with the respect to all claims and all Defendants.

*FACTS*

15. The Plaintiff had the assistance of an inmate law clerk in preparation of this claim and that the Plaintiff is not a layman in the law, civil or criminal.
16. The Plaintiff is incarcerated at the Citrus County Detention Facility d/b/a Corrections Corporation of America (CCA), during the events described in the complaint.
17. Dr. Colon-Morales is the contract physician responsible for ensuring provision of medical care to prisoners and the prescribed treatment plans or evaluations, including those from outside providers. He is sued in his individual capacity.
18. Debbie Nelson is responsible for the scheduling of all appointments to on facility and outside providers. . She is sued in his individual capacity.
19. Mrs. Gibson is responsible for ensuring provision of medical care to prisoners and the prescribed treatment plans or evaluations, including those from outside providers. She is sued in his individual capacity.
20. Mrs. Allen, Mrs. Keller and Mrs. Glenda Bivona is responsible for ensuring provision of medical care to prisoners and the prescribed treatment plans or evaluations, including those from outside providers. Each is sued in his individual capacity.
21. Todd Wasmer is chief of Security and responsible for the transportation to and from appointments and all inmate mail. . He is sued in his individual capacity.
22. Russell Washburn is the Warden for CCA and responsible for all staff, both contract and non-contract. Defendant is responsible for the safety and well-being of every inmate under his supervision and is aware of the Plaintiffs multiple issues. He is sued in his individual capacity.

*Claims for Relief*

23. This cause is before the court regarding Plaintiff Palmer's Negligence and Medical Malpractice Complaint. Palmer contends that the Defendants did violate his rights to a reasonable expectation of care by medical personnel, a reasonable expectation to be safe from cruel or unusual punishment, a reasonable expectation to have basic needs met, and a reasonable expectation to have formal grievances addressed, while incarcerated at the Citrus County Detention Facility, Lecanto, Florida.
24. The actions of Defendants Washburn and Wasmer did willful and deliberate monitoring of mail and grievances caused deliberate indifference and violate the Plaintiffs Eighth Amendment rights of the United States Constitution.
25. The failure of defendants Washburn and Wasmer to protect and take action when knowing the Plaintiff was attempting to resolve his issues, the defendants did willfully and maliciously prevented, lost or destroyed grievances, resolutions and requests for relief, violating the Plaintiffs Eighth and fourteenth Amendment rights of the United States Constitution.
26. The Failure of Defendants Gibson, Keller, Giovanni, Dr. Colon-Morales, Dr. Brill and Allen to provide the Plaintiff, Follow up examinations by specialist as prescribed, physical therapy as prescribed, prescriptions as prescribed, constitutes deliberate indifference to the Plaintiffs serious medical needs in violation of the eighth Amendment to the United States Constitution.
27. The Failure of Defendants Colon-Morales, Gibson, Keller, Allen to provide, Follow up examinations by specialist as prescribed, physical therapy as prescribed, prescriptions as prescribed, constitutes deliberate indifference to the Plaintiffs serious medical needs, constitutes the Tort of negligence under the laws of Florida.
28. On numerous occasions between February 12th, 2015 and January 1st, 2016, defendants Dr. Colon-Morales, ALLEN, Giovanni, Dr. Brill, Wasmer , Washburn, Keller and Gibson, did knowingly and willfully deprive Plaintiff of prescribed medication, including but not limited to psychiatric medications, resulting in severe physiological and psychological withdrawal, severe depression, attempted suicide, chronic and acute anxiety, nightmares, mobility, sores on portions of Plaintiff's body, and loss of medication efficaciousness.
29. On numerous occasions between February 12th, 2015 and January 1st, 2016, defendants Dr. Colon-Morales, ALLEN, Giovanni, Dr. Brill, Wasmer, Washburn, Keller and Gibson, did knowingly and willfully deny Plaintiff of medical attention to address numerous injuries, including but not limited to: extensive damage to right shoulder.
30. On numerous occasions between February 12th, 2015 and January 1st, 2016, defendants Dr. Colon-Morales, ALLEN, Giovanni, Dr. Brill, Wasmer, Keller, Washburn and Gibson did, knowingly and willfully, deprive Plaintiff of his right to grieve or address these issues, by destroying Plaintiff's written complaints and formal grievances, or by denying Plaintiff access to the grievance forms and process.
31. On numerous occasions between February 12th, 2015 and January 1st, 2016, defendants Dr. Colon-Morales, ALLEN, Giovanni, Dr. Brill, Wasmer , Washburn, Keller and Gibson, having been informed of all the aforementioned complaints and facts, and having witnessed the swelling, bruising or other visible marks, did knowingly and willfully, refuse to address said complaints,

exhibited deliberate indifference and negligence regarding Plaintiff's basic needs and standard of care, and did exhibit a failure to abide by the color and letter of the law, and a failure to uphold the responsibilities or their office or position.

32. Petitioner does allege that these willful and deliberate violations acts of negligence, medical malpractice, and excessive use of force did cause permanent and irreparable damage to Plaintiff's emotional and psychological well being. These actions are considered "adverse actions". Actions which pose no immediate consequence but potentially harm future employment prospects may be adverse actions. *Burlington Industries Inc. v. Ellereth,* 524 U.S. 742, 761 (1998).

WHEREFORE, Plaintiff demands:

i. Money damages in the amount of $5,000,000.00 per Defendant.
ii. Punitive damages in the amount of $10,000,000.00 per Defendant.
iii. Permanent injunction against the Defendants prohibiting Defendants, or any of their agents, from pursuing or acting against the Plaintiff in any retaliatory manner.
iv. Permanent injunction against all named Defendants, prohibiting Defendants from working in corrections, law enforcement, or medical fields from this point forward.
v. Defendants be held financially responsible for all future medical expenses that may arise as a possible result of Defendant's actions or negligence.
vi. Defendants be ordered to pay reasonable attorneys fees and costs, as determined by the court.
vii. Any further relief which the court may deem appropriate.
viii. **ALL AFFIANTS MUST READ AND SIGN:**

**I UNDERSTAND** that any false statement(s) of a material fact contained herein may serve as the basis of prosecution and conviction for perjury or making false statements. **FURTHER, I CERTIFY** that all questions contained herein have been answered and are true and correct to the best of my knowledge and belief.

Samuel Palmer

Signature of Affiant

Samuel Palmer
2604 W. Woodland Ridge Dr.
Lecanto, FL 34461

**CERTIFICATE OF SERVICE**

I, HEREBY CERTIFY that I have on this day 7 th of June , 2015 served the United States District Court Middle District of Florida, Office of the Clerk, Golden- Collum Memorial Federal Building & US Court House, 207 NW Second Street, Room 337 Ocala, Florida 34475-666 a copy of the foregoing Documents

Samuel Palmer

STATE OF FLORIDA

COUNTY OF

THE FORGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE ME THIS ________

DAY OF ____________________, 20___, BY ____________________________________
(Insert name of person acknowledged)

WHO IS PERSONALLY KNOWN TO ME OR WHO HAS PRODUCED ____________________

__________________________, AS IDENTIFICATION AND WHO (DID) (DID NOT)
(State type of identification)

TAKE AN OATH.

________________________________________
NOTARY PUBLIC

*MY COMMISSION EXPIRES:*